NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.— April, 1878.

## MATTER OF ESPIE.

*In the matter of the estate of* JAMES ESPIE, *deceased.*

An attachment will not be granted against an administrator for failure to pay over legacies as ordered by a decree of the surrogate's court, where the administrator has appealed from the decree, and has filed a bond on appeal as required by the provisions of the Revised Statutes, (2 R. S., 129, § 30), irrespective of the adequacy of the security to protect the legatees. Such a disregard of the order of the court does not constitute an exception to the cases in which an appeal with security stays all proceedings until the appeal be decided, within §§ 31 and 32 of 2 R. S., 129.

UPON an application for an attachment against an administrator with the will annexed, for failure to pay amounts directed by a decree of this court to be paid to the several legatees under the will, amounting to about $5,000, including interest, the administrator showed for cause that he had appealed from said decree, and given the usual bond to stay all proceedings. It appeared that the bond given on appeal was in the penalty of $100 approved by the Surrogate.

CULVER & WRIGHT, *for the petitioner.*

J. H. SOUTHWORTH, *for the administrator.*

THE SURROGATE.— It is claimed on the part of the petitioner's counsel that such a bond does not stay the proceedings. The 3 *Revised Statutes* 896, (6 ed.), section 25, provides that appeals may be made from the orders, decrees &c., of Surrogates to the Supreme Court; and section 29 provides that no such appeal shall be effectual until a bond be filed with the Surro-

gate, with two sufficient sureties to be approved by him in the penalty of at least $100; and section 30 provides that every such appeal when perfected, except in the cases specified in the two next sections, shall suspend all proceedings on the order appealed from, until such appeal be determined, or until the court to which the appeal shall have been made, shall authorize proceedings therein.

The next two sections provide that appeals from the order of any Surrogate appointing a special administrator, directing the sale of perishable property, appointing appraisers, and for service and publication of notices, shall not stay proceedings thereunder; and that appeals from orders for the commitment of an executor, administrator, or guardian for not returning an inventory, rendering account, or obeying any other order of the Surrogate, and appeals from orders for commitment of any person refusing to obey any subpœna, or to testify when required, shall not stay execution of said order or process, unless the party committed give a bond as directed in the next section.

It is claimed by the counsel for the petitioner that the expression in the section 32, " or obeying any other order of a Surrogate," makes the decree in question an exception to the provisions of section 30 above cited.

This construction would, it seems to me, abrogate altogether the provisions of section 30, for the terms " any other order of a Surrogate " would seem to embrace all possible orders, other than those specified.

The appeals mentioned in section 32 are appeals

from orders for the commitment, or awarding process for commitment of executors, administrators or guardians, for disobeying any order of a Surrogate, and does not embrace an appeal from a decree which involves no element of disobedience of the orders of the court.

If this motion should be granted, an appeal being taken from the order, in order to stay proceedings on such order, the appeal must be accompanied by a bond in the penalty of $1,000, provided for in the 33d section.

While it must be conceded that the security provided by statute to be given on an appeal from a decree directing payment of such a sum, as it is adjudged to be paid by the decree in this case, is entirely inadequate to any protection of the parties interested against loss occasioned by the stay of proceedings pending the appeal, yet I am entirely clear in the opinion that the proceedings are stayed by the giving of the bond in question, and that if any exigency arises which demands proceedings upon such decree, the authority to authorize them is exclusively vested in the court to which appeal is taken.

Inasmuch as the perfecting of such appeals is a stay of the proceedings absolutely, it seems to me that the practice should be to require such an amount of security as would be adequate to stay proceedings under the code, and if any circumstances rendered it proper that an appeal should be taken, and a stay of proceedings be had without such security, the party should be required to apply to the Surrogate under section 12 of chapter 359 of the Laws of 1870,

to fix the amount of security, or a deposit suitable to such stay.

The blunder in section 12 of chapter 359 of the Laws of 1870, is in providing that no appeal shall be taken, unless the appellant shall if required by the Surrogate, first deposit or execute a bond, whereas, it should have been that the proceedings should not be stayed on such appeal, unless the deposit be made or security given, as therein provided.